## MATTER OF FONG

### In DEPORTATION Proceedings

### A-9693010

*Decided by Board March 1, 1963*

An administrative appeal from a denial of suspension of deportation pending on October 24, 1962, the date of enactment of Public Law 87-885, must be dismissed in the case of an alien who entered the United States as a crewman since he is statutorily precluded by section 244(f) from obtaining the benefits of suspension under the provisions of the amendatory legislation.

CHARGE:

Warrant: Act of 1952—Section 241(a) (9) [8 U.S.C. 1251(a) (9)]—Failed to comply—nonimmigrant seaman—Act of 1924.

The case comes forward on appeal from the order of the special inquiry officer dated October 22, 1962 denying the respondent's application for suspension of deportation under section 244(a) (5) of the Immigration and Nationality Act, granting him the privilege of voluntary departure in lieu of deportation and further ordering that if the respondent failed to depart as required he be deported to the Republic of China on Formosa on the ground stated above.

The record relates to a native and citizen of China, 50 years old, male, who last entered the United States at the port of Philadelphia, Pennsylvania on August 17, 1950 as a member of the crew of the SS "Ulysses." Deportability has been conceded.

The case was last before us on November 6, 1961 on appeal from an order entered by the special inquiry officer on September 6, 1961, denying the respondent's motion requesting a reopening of the proceedings for the purpose of affording him an opportunity to apply for suspension of deportation under section 244(a) (5) of the Immigration and Nationality Act because respondent had been served with a final order of deportation. It appears that a warrant of arrest was served on the respondent on April 26, 1954 but a hearing record does not exist. A hearing was accorded the respondent on August 25, 1961 in connection with the motion to reopen to permit respondent to apply for suspension of deportation under section 244(a) (5) of the Immi-

gration and Nationality Act and portions of a record were reconstructed from documents available in the administrative file. These documents indicated that the respondent may have been accorded a hearing in deportation proceedings at New York on October 31, 1955 when a communication was addressed to him advising him of the voluntary departure privilege and if he failed to depart as directed he would be deported if he did not depart prior to December 2, 1955. An application for adjustment of immigration status under section 6 of the Refugee Relief Act of 1953 failed of approval of the 85th Congress and on June 12, 1958 he was notified to effect his departure from the United States on or before July 12, 1958. He failed to depart and the respondent was notified on September 4, 1958 that his deportation to China had been directed. On the same date a warrant was issued providing for his deportation under section 241(a)(2) of the Immigration and Nationality Act although the warrant of arrest served on him on April 26, 1954 charged him with being illegally in the United States under section 241(a)(9) of the Immigration and Nationality Act in that after admission as a seaman under section 3(5) of the Immigration Act of 1924 he failed to comply with the conditions of such status. Faced with the lack of a hearing record and the confusion existing in the administrative file, it was concluded that the requirements of section 242(b)(4) were lacking. In view of the difficulty, if not the impossibility, of determining whether or not a final order of deportation had been entered in the case, it was ordered that the case be remanded for further proceedings in order to complete the record and to afford the respondent an opportunity to apply for such relief as might be available, if any.

At the hearings before the special inquiry officer held on December 15, 1961 and May 10, 1962 the respondent applied for suspension of deportation pursuant to section 244(a)(5) of the Immigration and Nationality Act. The respondent's wife and child reside in China and he has no close relatives in the United States. He has resided in the United States continuously since his last admission on August 17, 1950. The respondent first entered the United States in 1943 as a seaman and claims to have lived here since November 1945 except for his various absences as a seaman until August 1950. He is employed as a cook earning $97 per week. His assets consist of $1,100 in savings; $1,500 in stock and $1,000 in miscellaneous personal effects. The quota for Chinese persons to which the respondent is chargeable is greatly oversubscribed at the present time and he cannot readily obtain an immigrant visa if granted the privilege of voluntary departure. The respondent has no arrest record except an arrest in October 1961 on a charge of disorderly conduct which was dismissed.

No evidence has been produced showing any connection with subversive groups. The character investigation is favorable. An employment certificate and affidavits of witnesses establish that respondent has been continuously physically present in the United States since August 1950.

The special inquiry officer has found that respondent's deportation, while it would undoubtedly entail some hardship to him, such hardship failed to satisfy the "exceptional, extremely and unusual" hardship requirement of the Immigration and Nationality Act and as a result he was ineligible for suspension of deportation. Furthermore, the special inquiry officer found that, even assuming respondent met the minimum statutory requirements for eligibility for suspension of deportation, and despite his maritime service of approximately 16 months during World War II between December 1942 and March 1944 and December 1944 and January 1945, in view of respondent's repeated conflicts with the immigration laws and the fact that he has eked out the period since April 1954 while under deportation proceedings, and in view of the lack of family ties in the United States, as a matter of administrative discretion suspension of deportation would not be granted, and that the maximum relief granted the respondent would be that of the privilege of voluntary departure in lieu of deportation.

The decision of the special inquiry officer was rendered on October 22, 1962. Two days afterward there was enacted the Act of October 24, 1962 (Public Law 87-885; 76 Stat. 1247; 8 U.S.C.A. 1254, C.A.P.P. 1962), section 4 of which amended section 244 of the Immigration and Nationality Act (8 U.S.C. 1254) in several important respects. Among other things, section 244(a) was changed from the former five subparagraphs into two subparagraphs. The respondent's case would appear to fall within section 244(a)(1) of the Act as amended by section 4 of Public Law 87-885. This new section requires seven years' residence in the United States preceding the date of the application and requires the person to establish that his deportation would result in extreme hardship to the alien. Ordinarily we would remand the case to the special inquiry officer for reopening and reconsideration in view of the less stringent requirements of section 244 of the Immigration and Nationality Act as newly amended by section 4 of Public Law 87-885.

However, the same section 4 of Public Law 87-885 added a new subparagraph (f) to section 244 to the effect that no provision of that section should be applicable to an alien who entered the United States as a crewman (as well as excluding certain other classes from the benefits of the amendatory legislation). No purpose, therefore, would be served in reopening the case for consideration under section 244(a)(1), as amended by the Act of October 24, 1962, since the new

subparagraph (f) renders moot the respondent's eligibility for that form of discretionary relief, inasmuch as he last entered the United States as a crewman.

The respondent was still the subject of administrative adjudication and had not established any right to the future status of a permanent resident he was seeking to obtain by his application; accordingly, the amendment is not being given any retrospective application. No savings clause was enacted as a part of the Act of October 24, 1962 in contrast to the savings clause enacted in section 405(a) of the Immigration and Nationality Act of 1952 which made specific reference to a pending application for suspension of deportation under section 19 of the Immigration Act of 1917 as amended on the date of the enactment of that Act. The exclusion from the benefits of the amendatory legislation of October 24, 1962 of the aliens enumerated in section 244(f), namely, crewmen, exchange students and natives of contiguous countries or adjacent islands, constitutes the expression of a clear Congressional policy not to extend the benefits of the amendatory legislation to those specified classes. Inasmuch as an approved application for suspension of deportation would still require a referral to Congress, it would appear inconsistent to hold crewmen eligible for the benefits of the amended suspension of deportation from which they are specifically barred.[1] Even though the amendment of section 224(f) of the Act of October 24, 1962 occurred subsequent to the date of the special inquiry officer's decision but during the pendency of the administrative appeal, the respondent, who entered as a crewman, is not now eligible for consideration of suspension of deportation and his application for that form of relief must be denied.[2] The grant of voluntary departure in lieu of deportation appears to be the maximum relief which can be accorded the respondent.[3]

This conclusion disposes of the contentions of counsel, both at oral argument and as set forth in his brief. The denial of the respondent's application for adjustment of status under section 6 of the Refugee Relief Act is not within our jurisdiction. We have noted the cases cited by counsel in his brief but we do not find them to be applicable to the situation before us. For the reasons already set forth, we find an alien who entered as a crewman ineligible for suspension of deportation under section 244(a) as amended.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of Tarabocchia*, Int. Dec. No. 1266 (February 11, 1963).

[2] Cf. *Fassilis et al. v. Esperdy*, 301 F.2d 429 (2d Cir., 1962); also *Hintopoulos v. Shaughnessy*, 353 U.S. 72.

[3] *Matter of Vara-Rodriguez*, Int. Dec. No. 1254.